[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2006
THOMAS K. KAHN
CLERK

No. 05-15915
Non-Argument Calendar
_____

D. C. Docket No. 05-00026-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVIO VENTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 8, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Silvio Vente appeals his sentence of 135 months imprisonment for

possession with intent to distribute and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (j). We affirm.

Vente contends that we should vacate his sentence and remand to the district court on two grounds. First, he argues that because he was only a crew member of the vessel and because other defendants had greater involvement in the drug smuggling, the district court erred in denying him a reduction for mitigating role pursuant to United States Sentencing Guidelines § 3B1.2 (2004). A district court's determination of a defendant's role in an offense is a finding of fact that we review only for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

U.S.S.G § 3B1.2(b) permits a court to decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants," but has a role that "could not be described as minimal." U.S.S.G. § 3B1.2, cmt n.5. In determining whether a mitigating-role reduction is warranted, a district court must: "[f]irst, and most importantly . . . measure the defendant's role against the relevant conduct for which she was held accountable at sentencing." De Varon, 175 F.3d at 945. In some circumstances,

2

the amount of drugs will be dispositive. Id. at 943. Second, a district court may measure the defendant's role against that of the other participants involved in the relevant conduct. Id. at 944. However, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [the] role in the offense, since it is possible that none are minor . . . participants." Id. The defendant bears the burden of proving by a preponderance of the evidence that he played a mitigating role in the offense. Id. at 939.

In the context of a drug courier case, a court may look to several factors to determine what role a defendant played in the offense. Rodriguez De Varon, 175 F.3d at 945. These factors include: (1) amount of drugs; (2) fair market value of drugs; (3) amount of money to be paid to the courier; (4) equity interest the defendant has in the drugs; (5) defendant's role in planning the criminal scheme and role in the distribution. Id.

Vente's relevant conduct involved working as a crew member aboard a vessel that he knew held 2,647 kilograms of cocaine, an extremely large amount of drugs. His actual conduct in the offense was identical to his relevant conduct. Vente's arguments that he had no equity interest in the cocaine and that he was only a "pawn" are unconvincing because his labor was necessary to the scheme to smuggle cocaine into the United States. Further, the large amount of cocaine

3

involved indicates that a minor-role reduction is not appropriate. See Rodriguez De Varon, 175 F.3d at 943. The district court did not clearly err in denying Vente a two-level reduction for mitigating role pursuant to § 3B1.2.

Vente next argues that his sentence was unreasonable because the district court did not adequately consider all of the 18 U.S.C. § 3553(a) factors. In response, the government contends that we lack jurisdiction to hear a reasonableness challenge to Vente's sentence. We review subject matter jurisdiction de novo. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We review post-Booker sentences for reasonableness. United States v. Booker, 543 U.S. 220, 261, 125 S. Ct. at 738, 765; United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).

The government's jurisdictional argument is without merit. In United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006), we held that we have jurisdiction under § 3742(a)(1) to review sentences for reasonableness. We therefore review the merits of Vente's argument.

Booker mandates that courts review sentences for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). 543 U.S. at 261, 125 S. Ct. at 765–66. A party challenging a sentence must bear the burden of establishing that a sentence is unreasonable in light of the § 3553(a) factors and the record established below.

4

Talley, 431 F.3d at 788. While a sentence within the guidelines is not per se reasonable, we expect such a sentence to be reasonable. See id. A district court need not mention each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Additionally, in reviewing such sentences, "[w]e do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness." Winingear, 422 F.3d at 1245.

At sentencing, the district court specifically looked to § 3553(a) in determining Vente's sentence. The court applied the guidelines as advisory and sentenced Vente to a term at the bottom of the guidelines range. The court noted Vente's educational and vocational aspirations, showing consideration for the need of the sentence imposed to provide Vente with needed educational or vocational training. 18 U.S.C. § 3553(a)(2)(D). Additionally, the court found that Vente's crime brought "poison" into the United States, which shows consideration of the need for the sentence imposed to reflect the seriousness of the offense. Id. § 3553(a)(2)(A). The court imposed a reasonable sentence.

**AFFIRMED.**